IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE A. CHETTY** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-1935** |
| | : | |
| **DAN C. BARTO** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                                                 JUNE 7, 2022

Plaintiff Lee A. Chetty, a convicted prisoner currently housed at SCI Frackville, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983. Chetty seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Chetty leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**[1]

Chetty names a single Defendant, Dan C. Barto, identifying him as an attorney who represented Chetty in a criminal matter in Lancaster County, Pennsylvania  (Compl. at 1.)[2] Defendant Barto, who was privately retained,[3] represented Chetty from January 14, 2019 until Chetty's preliminary hearing on February 4, 2020.  (*Id.*)  Chetty's claims concern Attorney Barto's performance during his representation of Chetty.  Specifically, Chetty asserts that he fired Barto

---

[1] The following facts are taken from the Complaint and publicly available records of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Chetty avers that he paid Attorney Barto $5,000 to represent him at his preliminary hearing.  (Compl. at 1.)

because of Barto's "complete failure to assis[t] [him] in [his] preliminary hearing." (*Id.*) Chetty avers that Barto waived the "preliminary hearing without [Chetty] being present" and prejudiced him by failing to explain that the waiver would result in Chetty giving up his "right to face [his] accuser or see the evidence." (*Id.* at 2.) Chetty further claims that Barto "lied straight to [his] face" by telling Chetty that "he asked the Judge for a bail reduction" when he did not make that request. (*Id.*) Chetty also asserts that Attorney Barto "failed to file a motion" and "did not request discovery." (*Id.*)

Chetty claims that Attorney Barto violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution, as well as the Pennsylvania Constitution, by failing to prepare and investigate his defense. (*Id.*) He also claims that his Sixth Amendment Confrontation Clause rights were violated. (*Id.*) Chetty further asserts that Barto erred in advising him to waive his preliminary hearing, which Chetty contends amounted to a due process violation, as well as a violation of his Eighth and Fourteenth Amendments. (*Id.*) Chetty seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at 3.)

## II.   STANDARD OF REVIEW

The Court will grant Chetty leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[4] However, as Chetty is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Chetty is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Chetty's civil rights claims against Attorney Barto for his role as counsel in Chetty's state criminal case are not plausible because an attorney performing traditional functions, whether privately retained or court-appointed, is not a state actor for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)). Here, Chetty's allegations against Attorney Barto concerning the investigation of his case and representation during the preliminary hearing do not allege action that is fairly attributable to the state. Thus, the Court will dismiss Chetty's § 1983 claims against Attorney Barto with prejudice.[5] Moreover, to

---

[5] The Court also notes that there is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution."); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no

4

the extent Chetty seeks release based on his claims that Attorney Barto committed constitutional errors during his representation of Chetty in the state criminal matter, such claims are not cognizable under § 1983.[6]

To the extent that Chetty seeks to assert a legal malpractice claim against Attorney Barto, such claim also cannot proceed. Under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal case giving rise to this claim reflects that Chetty has not been granted such relief. *See Commonwealth v. Chetty*, CP-36-CR-0000755-2020 (C.P. Lancaster).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Chetty's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). While the § 1983 claims are dismissed with prejudice, the legal malpractice claim, to the extent one is raised, is dismissed without prejudice so that Chetty may reassert it in a new civil action should his conviction ever be overturned. Leave to amend will not be given as

---

Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

[6] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor"); *see also Nottingham v. Reitz*, No. 18-1520, 2018 WL 5780856, at *5 (M.D. Pa. Oct. 15, 2018) ("As Nottingham's § 1983 claim appears to be predicated upon Attorney Reitz's alleged ineffective assistance of counsel, which, if proven, would invalidate his state court sentence, a civil rights action is an improper vehicle for relief.") (citing *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009), *report and recommendation adopted*, No. 18-1520, 2018 WL 5734690 (M.D. Pa. Nov. 2, 2018). If Chetty seeks to challenge his conviction or sentence, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state remedies.

any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, dismissing this case.


*NITZA I. QUIÑONES ALEJANDRO. J.*